UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAN ALBERT CREUSERE,<br>    PLAINTIFF | CASE NO. C-01-163<br>(WEBER, J.)<br>(HOGAN, M.J.) |
| VS. | |
| JOHN PATRICK CONCANNON, ET AL.<br>    DEFENDANTS | |

**ORDER**

    Before the Court are Plaintiff's Motion to Hold Case in Abeyance (Doc. 25) and Defendants' Memorandum in Opposition (Doc. 26). There is no Reply brief. For the reasons which follow, Plaintiff's Motion is denied.

    Plaintiff asserts that he was injured in an accident when he fell from a ladder while employed by the Cincinnati Public Schools in 1995. The accident was apparently investigated internally and according to Plaintiff, the ladder was determined to be defective. Plaintiff asserts that had he been informed about the results of the Board's internal investigation, he would have filed suit against the ladder manufacturer. Plaintiff then says that the State of Ohio paid his medical expenses as a result of a workers compensation claim and the State could have recouped its losses had it decided to commence litigation against the ladder manufacturer or to intervene in the instant case as an additional party. Plaintiff requests a stay of this litigation so that the State of Ohio may intervene in this case, a request that the State of Ohio has not made.

    Plaintiff's theory of the case is that the School Board and/or its counsel, Defendant Concannon, had an affirmative duty to inform him or the State of Ohio about the results of its internal investigation of the accident. Plaintiff does not state the source of that duty and although we know of none, our resolution of this claim hinged on the fact that were there a duty, it would be owed to the State and not to Plaintiff, who lacks standing to assert the State's rights in this case. In any event, the State, aware that it was paying medical benefits as a result of

Plaintiff's workers compensation claim, was fully capable of determining whether there was a third-party who might be liable to the State for such payments. Even if there were such a right and Plaintiff could assert it, motions to intervene must be timely and no rational argument can be made that Plaintiff's as yet unfiled motion to intervene could possibly be timely.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff's Motion to Hold Case in Abeyance (Doc. 25) is denied.


November 13, 2003                               s/Timothy S. Hogan
                                                Timothy S. Hogan
                                                United States Magistrate Judge




P:\TSH\Law Clerks\creusere